IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**, a Connecticut corporation, as subrogee of Belk Department Stores LP, a North Carolina limited partnership, **FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.**, as subrogee of Jan's Card Shops, Inc., a Mississippi corporation       **PLAINTIFFS**

v.                                                      CIVIL ACTION # 2:07cv312-KS-MTP

**DILLARD'S, INC**., a Delaware corporation, and **THE HIGBEE COMPANY**, a Delaware corporation       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment [# 12] filed by the Defendant Dillard's, Incorporated ("Dillard's").  Because the Plaintiffs have been afforded no opportunity to gather evidence through discovery in this case, the Court finds that the motion for summary judgment is premature and should be **denied**.

### I.  FACTUAL BACKGROUND

This case arises out of water damages caused by Hurricane Katrina.  The Plaintiffs, subrogees of two retail stores located in Turtle Creek Mall, are suing another store, Dillard's and the Higbee Company ("Higbee"), for storm-related damages they say resulted from the negligence of the Defendants.  Dillard's has now moved for summary judgment, asking the Court to dismiss claims against it because it has no connection to the facts underlying this lawsuit.

1

Hurricane Katrina struck and the Mississippi Gulf Coast and the Hattiesburg area on August 29, 2005. The heavy rainfall of the storm caused a substantial amount of water to collect on the roof of the Turtle Creek Mall, including the Dillard's store. Shortly after the storm subsided, the water that had accumulated on top of Dillard's punctured the roof and flooded the store. The Plaintiffs allege that this water then broke "through the door of the Dillard's store and into the central corridor of the Mall, flowing in a wave down the interior of the Mall." *See* Pl.'s Compl. ¶ 16 (Nov. 21, 2007) They claim that this wave of water settled into and damaged their adjacent retail stores in the Mall.

The Plaintiffs filed suit against Dillard's on November 21, 2007. They allege that the Defendants were negligent in the "design, construction, maintenance, inspection, supervision, and upkeep" of the Dillard's roof. *See* Pl.'s Compl. ¶ 9 (Nov. 21, 2007). While surrounding stores had adequate drainage systems in place, the Plaintiffs allege that the Dillard's store lacked proper drainage to prevent large pools of water from accumulating on and eventually penetrating the roof and damaging nearby stores.

Dillard's has now moved for summary judgment against the Plaintiffs. They argue that they are not the owner of the Dillard's retail store located in the Turtle Creek Mall, and have no connection to the underlying facts of this lawsuit. The Plaintiffs have responded by contesting the Defendants' motion on the merits, as well as asking the Court for time to complete discovery before the motion for summary judgment is considered.

## II. STANDARD OF REVIEW

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories,

2

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004).  Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (internal citations omitted).  Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ*., 485 F.3d 325, 331 (5th Cir. 2007).  If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003).  The nonmovant is not entitled to merely rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).  If the nonmovant responds and still "no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. General Motors Corp*., 278 F.3d 448, 451 (5th Cir. 2002).

Summary judgment should not ordinarily be granted before discovery has been completed. *Alabama Farm Bureau Mutual Cas. Co., Inc. v. American Fidelity Life Ins. Co.*, 606

F.2d 602, 609 (5th Cir.1979).[1] If a party feels that more discovery is necessary to demonstrate a genuine issue of material fact, then they should file a Rule 56(f) affidavit stating they could not properly oppose the motion for summary judgment without a chance to conduct discovery. *See* Fed. R. Civ. P. 56(f). Yet in numerous cases, federal courts have held that summary judgment was premature even when the opposing party failed to file a Rule 56(f) affidavit. *See Investors Title Ins. Co. v. Bair*, 232 F.R.D. 254, 256 (D.S.C. 2005) (collecting cases). When a party files a brief opposing the motion for summary judgment and informs the court of the need for additional discovery, these documents can combine to serve "as the functional equivalent" of a Rule 56(f) motion. *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). The Fifth Circuit has held it to be an abuse of discretion not to allow further discovery where discovery to date has been clearly inadequate and a continuance has been requested under Rule 56(f). *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 355 (5th Cir. 1989).

### III. APPLICATION AND ANALYSIS

In this case, the Defendant Dillard's moved for summary judgment a little over two months after the Complaint was filed. No discovery had taken place prior to their motion for summary judgment. The Plaintiffs responded to the motion on the merits and submitted a handful of documents to support Dillard's presence in this suit. The Plaintiffs have also asked this Court for leave to conduct discovery regarding the ownership interests and responsibility for

---

[1] The Second Circuit has recently stated that "[o]nly in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).

the operation and maintenance of the Dillard's store located in the Turtle Creek Mall.

Based on the standard articulated above, the motion for summary judgment by the Defendant Dillard's is premature. Although the formal corporate relationship between the two Defendants is currently ascertainable, the Plaintiff has been afforded no time to conduct discovery as to the actual working relationship between the entities as well as their respective roles in the retail operation. *See Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 9 (N.D.N.Y. 2000) (denying as premature motion for summary judgment "where one party is seeking summary judgment before the other party has had a chance to commence discovery").[2] For this Court "to expect plaintiffs to provide a detailed response to a summary judgment motion at this stage of discovery is not reasonable." *In re Bulk Popcorn Antitrust Litigation*, 1990 WL 123750 at *2 (D. Minn. June 19, 1990). The Plaintiffs must be given appropriate time to gather evidence supporting their claims against Dillard's before this Court decides whether a genuine issue of material fact exists.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion for summary judgment [# 12] is **denied** and the motion for leave to file supplemental response [# 28] is

---

[2] Numerous other circuit courts have agreed that summary judgment is premature when no discovery has taken place. *See Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845 (3d Cir. 1992) (concluding that when plaintiff had not yet taken several key depositions, "the incomplete state of discovery alone should have precluded summary judgment on the merits."); *Evans v. Technologies Applications & Service Co.,* 80 F.3d 954, 961 (4th Cir. 1996) ("Summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.") (citation omitted).

**denied as moot**.  If the Defendants wish to resubmit their motion for summary judgment after adequate discovery has taken place, this Court will reconsider the motion at that time.

SO ORDERED AND ADJUDGED on this, the 28th day of March, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE